UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:<br>Stephen Hadley | ) | Case No: 26-10196-JCM |
| | ) | Chapter 7 |
| Stephen Hadley<br>Movant | ) | Hearing Date: October 1, 2026<br>Hearing Time: 2:30 p.m. |
| v.<br>Justin Schantz<br>Respondent | ) | Response Date: September 18, 2026 |

**ORDER APPROVING EMPLOYMENT OF REALTOR**

AND NOW, to-wit, this __________ day of ________________________________, 2026, upon consideration of the MOTION TO EMPLOY REALTOR, pursuant to 11 U.S.C. S 327(a) and Bankruptcy Rule 2014, it is ORDERED, ADJUDGED AND DECREED as follows:

1. William P. Moon, Jr. of Gates & Burns Realty, Inc. is hereby appointed as a realtor in the above referenced case for the Debtor pursuant to the terms described in the listing Agreement attached to the Motion for the purpose of acting as the Movants' Agent in connection with the sale of real estate located at 114 and 116 West Fourth Street Oil City, PA 16301. A realtor commission in the amount of two percent ( 2%) of the sale price is tentatively approved, subject to final court Order. Movant shall serve the within Order on all interested parties and file a Certificate of Service.
2. Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based on other factors as well including the results accomplished, the time and labor reasonably required by the

applicant to perform the task(s) involved, the customary fee for similar services, the time limitations imposed by the retention of the circumstances encountered while performing the services, the relationship of the services, if any, to the ultimate bid amount for the subject property, and the extent and nature of awards in similar cases. Tentative approval of the commission set forth above is premised on the understanding that the property will be sold at or near the list price as set forth in the Motion. Any deviation from the list price will be considered as a factor by the court in setting final compensation in this matter.

3. Approval of any application for appointment of a professional in which certain fees are requested for various identified professionals is not an agreement by the Court to allow such fees at the requested hourly rate, and is not a preapproval of compensation pursuant to 11 U.S.C. S 328(a). Final compensation, awarded only after notice and hearing, may be more or less than the requested amount based on application of the above criteria.

4. Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and the Realtor, this order does not authorize the Realtors to retain or pay any outside counsel or other professional to assist the Realtors in this matter unless such is done at no expense to the Movant, directly or indirectly. Any other retention of, and payment to, an outside counsel or other professional is subject to prior approval of the Court.

____________________________________
JOHN C. MELARAGNO, Judge
United States Bankruptcy Court for the
Western District of Pennsylvania

Case administrator to mail to:
Tina M. Fryling, Esq.
United States Trustee
Justin Schantz, Esq.
William P. Moon, Jr.