UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY CASE NO. 26-10196-JCM |
| STEPHEN HADLEY | : | |
| Debtor | : | CHAPTER NO. 7 |
| | : | |
| STEPHEN HADLEY, | : | Related to Document # |
| | : | |
| Movant | : | Filed under Local Bankr. |
| | : | Rule 9013.4 ¶6 (a) |
| v. | : | |
| | : | |
| | : | |
| JUSTIN SCHANTZ, TRUSTEE | : | Hearing Date: October 1, 2026 at 2:30 p.m. |
| Respondent | : | |
| | : | |
| | : | Response date: September 18, 2026 |
| | : | |

**MOTION OF DEBTOR FOR ORDER REQUIRING CHAPTER 7 TRUSTEE TO ABANDON PROPERTY PURSUANT TO 11 U.S.C. § 554(b) AND FED. R. BANKR. P. 6007(b)**

Stephen Hadley, the Debtor in the above-captioned Chapter 7 bankruptcy case ("Debtor"), by and through undersigned counsel, hereby moves this Honorable Court pursuant to **11 U.S.C. § 554(b)** and **Fed. R. Bankr. P. 6007(b)** for an Order requiring the Chapter 7 Trustee, **Justin Schantz** ("Trustee"), to abandon certain property of the bankruptcy estate. In support of this Motion, the Debtor states as follows:

## I. BACKGROUND

1. On April 12, 2026, Stephen Hadley ("Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.
2. The Court thereafter appointed **Justin Schantz** as the Chapter 7 Trustee in this case.
3. The Debtor is a party in interest entitled to seek abandonment of property of the bankruptcy estate.
4. The property that is the subject of this Motion is real property located at 114 and 116 West Fourth Street, Oil City, PA 16301 (the "Property").

5. The Property is identified in the Debtor's bankruptcy schedules as having a scheduled value of $118,100.

6. The property is subject to the remainder of a lien by an individual named Preston Hoopes which was avoided to the extent it impaired the Debtor's exemption.

7. The creditors and other interested parties identified in the Debtor's bankruptcy case are on the attached mailing matrix.

8. The trustee has indicated, at least informally, that he will not be pursuing sale of the property and has filed a Report of No Distribution at document number 34 in this case.

9. The Trustee must thus be asserting that the property is of inconsequential value and benefit to or is burdensome to the estate.

10. Section 554(b) of the Bankruptcy Code provides that, upon the request of a party in interest and after notice and a hearing, the Court may order the Trustee to abandon property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. The Property has an estimated current fair market value of approximately $90,000, with a sale contract for that amount pending on the property and purportedly the remainder of a judicial lien that was stricken at least insofar as it impairs the Debtor's exemption.

11. The property has no meaningful realizable value for the benefit of the bankruptcy estate. Alternatively, and/or in addition, the Property is burdensome to the bankruptcy estate because its continued administration would require the Trustee to incur expenses and devote estate resources without a corresponding benefit to creditors.

12. Accordingly, the Property is of inconsequential value and benefit to the estate within the meaning of 11 U.S.C. § 554(b).

## III. ABANDONMENT IS APPROPRIATE UNDER § 554(b)

16. Pursuant to 11 U.S.C. § 554(b), a party in interest may request that the Bankruptcy Court order the Trustee to abandon property of the estate when the property is burdensome to the estate or is of inconsequential value and benefit to the estate.

17. The Debtor respectfully submits that the circumstances described above satisfy the statutory requirements for abandonment.
18. Requiring the Trustee to retain and administer the Property would serve no legitimate purpose of the bankruptcy estate and would potentially increase administrative expenses without producing a meaningful distribution to creditors.
19. Abandonment will permit the Trustee to avoid unnecessary administrative costs and will allow the bankruptcy estate to be administered in an efficient manner.
20. Abandonment of the Property will not prejudice creditors but rather will allow some creditors to receive at least a portion of their claim.

## IV. PROCEDURAL REQUIREMENTS UNDER FED. R. BANKR. P. 6007(b)

21. This Motion is brought pursuant to Fed. R. Bankr. P. 6007(b), which permits a party in interest to file and serve a motion requiring the trustee to abandon property of the estate.
22. Pursuant to Fed. R. Bankr. P. 6007(b), the Debtor will serve this Motion and the applicable notice upon:

1. Chapter 7 Trustee **Justin Schantz**;
2. the United States Trustee;
3. all creditors,
4. any indenture trustee, if applicable; and
5. any committee appointed or elected under the Bankruptcy Code, if applicable.

23. Pursuant to Fed. R. Bankr. P. 6007(b), interested parties will have **fourteen (14) days after service** of the Motion and notice within which to file and serve an objection, unless the Court orders otherwise.
24. If a timely objection is filed, the Court may set the matter for hearing as provided by Fed. R. Bankr. P. 6007(b).

WHEREFORE, the Debtor, **Stephen Hadley**, respectfully requests that this Honorable Court enter an Order:

A. granting this Motion;

B. finding that the Property described herein is burdensome to the bankruptcy estate and/or is of inconsequential value and benefit to the estate within the meaning of 11 U.S.C. § 554(b);

C. directing **Justin Schantz**, Chapter 7 Trustee, to abandon the Property pursuant to 11 U.S.C. § 554(b);

D. providing that the abandonment shall be effective upon entry of the Court's Order, without further notice, pursuant to Fed. R. Bankr. P. 6007(b)(3); and

E. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

By /s/ Tina M. Fryling, Esquire

Tina M. Fryling, Esquire
Attorney for Debtor
333 State Street, Suite 203
Erie, Pennsylvania 16507
(814) 450 5161
PA I.D. #76520